**Jorge L. MONTIEL, Plaintiff– Appellant,**

v.

**CITY AND COUNTY OF SAN FRANCISCO, Defendant– Appellee.**

**No. 07–17073.**

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2009.*

Filed March 18, 2009.

Curtis G. Oler, Esquire, Law Offices of Curtis G. Oler, San Francisco, CA, for Plaintiff–Appellant.

Sallie Peirce Gibson, Esquire, Rafal Ofierski, Esquire, City Attorney's Office, Jonathan C. Rolnick, Esquire, San Francisco City Attorney's Office, San Francisco, CA, for Defendant–Appellee.

Before: McKEOWN and IKUTA, Circuit Judges, and BLOCK,** Senior District Judge.

**MEMORANDUM***

Jorge L. Montiel appeals the district court's summary judgment in favor of the City and County of San Francisco ("the

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

City") on his claims for discrimination and retaliation under 42 U.S.C. § 1981. Reviewing de novo, *see Northrop Grumman Corp. v. Factory Mut. Ins. Co.*, 538 F.3d 1090, 1094 (9th Cir.2008), we affirm.

The district court correctly held that Montiel failed to offer sufficient evidence that the City's stated reasons for offering Street Inspector positions to two white employees were a pretext for unlawful discrimination or retaliation. The allegedly discriminatory statements and actions of Montiel's coworkers and supervisors are not attributable to the individuals who made the decisions to recommend and hire the two white employees because there is no evidence that the coworkers and supervisors "influenced or [were] involved in the decision or decisionmaking process." *Poland v. Chertoff*, 494 F.3d 1174, 1182 (9th Cir.2007). Evidence that the two white employees had less civil-service seniority than Montiel is not probative because Montiel does not dispute that the Street Inspector positions were exempt from the usual competitive-selection process and civil-service criteria.

The district court was entitled to consider documents filed in two state-court discrimination lawsuits against the City because the filings were all matters of public record. *See* Fed.R.Evid. 201. Contrary to Montiel's contention, the district court did not give the filings any preclusive effect.

Because we hold that Montiel failed to offer sufficient evidence of pretext, we do not reach the City's alternative argument that he also failed to establish a basis for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**AFFIRMED.**